# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ROBERT MCKINLEY BLANKENSHIP,** | ) |
| Petitioner, | ) Case No. 7:23CV00174 |
| v. | ) **OPINION** |
| **HAROLD CLARK,** | ) JUDGE JAMES P. JONES |
| Respondent. | ) |

*Robert Mckinley Blankenship, Pro Se Petitioner.*

The petitioner, a Virginia inmate proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his confinement under a judgment entered in 2015. After review of the record, I conclude that the petition must be summarily dismissed as untimely filed under 28 U.S.C. § 2244(d).[1]

On July 22, 2015, a Tazewell County jury found Blankenship guilty on the following charges: attempted rape, indecent liberties, abduction with intent to defile, assault and battery, and contributing to the delinquency of a minor.[2] The court sentenced him to serve thirty-two years in prison. Blankenship filed a timely

---

[1] Under Rule 4(b) of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

[2] The procedural history facts in this Opinion are based on Blankenship's petition and state court records available online.

Notice of Appeal. But he never filed a Petition for Appeal, so the Court of Appeals dismissed the appeal on June 20, 2016. Pet. 102, ECF No. 1.

Blankenship also filed a Petition for a Writ of Habeas Corpus in the Supreme Court of Virginia on March 28, 2016, which was refused on February 28, 2017. In August 2017, Blankenship again attempted a direct appeal. The Court of Appeals of Virginia apparently granted a belated appeal and reviewed, but affirmed, Blankenship's convictions and sentences in a published decision. *Blankenship v. Virginia*, 823 S.E.2d 1 (Va. Ct. App. 2019). The Supreme Court of Virginia refused Blankenship's appeal of this decision on September 5, 2019. Blankenship did not file any certiorari petition to the Supreme Court of the United States.

On March 23, 2023, Blankenship signed and dated his § 2254 petition. He alleges various claims of judicial error, ineffective assistance of counsel, and prosecutorial misconduct, including concealment of exculpatory and impeachment evidence favorable to the defense. This court notified Blankenship that his petition appeared to be untimely filed and granted him an opportunity to provide any additional evidence or argument on that issue. Blankenship filed a response on timeliness, ECF No. 4, that I have considered.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the

date on which the judgment of conviction becomes final — when the availability of direct review is exhausted.  28 U.S.C. § 2244(d)(1)(A).  If the district court gives the petitioner notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the petitioner fails to make the requisite showing, the district court may summarily dismiss the petition.  *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

Blankenship's conviction became final for purposes of § 2244(d)(1)(A) when the Supreme Court of Virginia denied his criminal appeal on September 5, 2019.  His one-year period to file a § 2254 petition began to run ninety days later, on December 4, 2019, when he did not timely file a Petition for a Writ of Certiorari in the United States Supreme Court.  *Clay v. United States*, 537 U.S. 522, 525 (2003). The habeas filing period expired on December 4, 2020.  Blankenship did not file this § 2254 petition until March 23, 2023, approximately two and 3 months after his filing period ended.[3]  Thus, the petition is untimely under § 2244(d)(1)(A).

Blankenship apparently contends that he is entitled to statutory tolling of the limitation period under 28 U.S.C. § 2244(d)(1)(D), based on the date when he discovered new evidence related to his § 2254 claims.  He is mistaken.

---

[3] For purposes of this Opinion, I will consider the petition to have been filed as of the date appearing beside the signature line and assume without finding that Blankenship also properly delivered it to prison officials on that date for mailing to the court.  Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

Blankenship alleges that on an unspecified date in 2021, he discovered that a document identified during trial as a medical record was actually a probation progress report about the victim which contained impeachment evidence not provided to him for trial. For example, this document indicated that the victim had previously been criminally charged for breaking into houses to steal money and cigarettes. Blankenship was convicted of contributing to the delinquency of a minor, based in part on a packet of cigarettes in evidence. He believes the progress report, previously misrepresented to him as a medical record, was favorable impeachment evidence to which he was wrongfully denied access.

In a recent Addendum to his Petition, Blankenship alleges that he first obtained a copy of appellate counsel's file on June 21, 2023. He found it to be a "jumbled mess" that did not include any motions, a full transcript, or the progress report characterized as a medical record. Addendum 1, ECF No. 7. The file contents omitted the police report, a bank statement allegedly mislabeled as bank records, and a certain video transcript. *Id.* at 2. Based on the state of the file contents, Blankenship contends that he had no meaningful appeal. He also asserts that his trial attorney was ineffective for failing to turn over the complete file and that appellate counsel was ineffective for failing to obtain the full case file, including "the fabricated photo evidence" and "redacted statements." *Id.* at 3.

I will assume for purposes of this Opinion that Blankenship could not have discovered the contents of the probation progress report earlier than December 31, 2021. Because he failed to file his § 2254 petition within one year of that date, however, the belated discovery of this information cannot render his petition timely under § 2244(d)(1)(D). Blankenship's Addendum states that he obtained appellate counsel's file in June 2023 and learned that it omitted many pieces of evidence available to trial counsel. But he does not demonstrate why he was not able to obtain the probation progress report and appellate counsel's file at some earlier date. More importantly, he fails to identify any document necessary to his habeas claims that he could only have discovered within one year before the date when he filed his § 2254 petition. Accordingly, I cannot find that Blankenship is entitled to statutory tolling of the limitation period under § 2244(d)(1)(D) based on alleged new facts. Blankenship also does not state facts showing that he would be entitled to statutory tolling of the limitation period under the other subsections of § 2244(d), based on new Supreme Court precedent or removal of a constitutional impediment.

Therefore, I may address the merits of Blankenship's untimely filed § 2254 claims only if he demonstrates grounds for equitable tolling of the limitation period. Equitable tolling is available in "those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable

to enforce the limitation period against the party." *Rouse v. Lee*, 339 F .3d 238, 246 (4th Cir. 2003) (internal quotation marks and citation omitted).  A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.  *Id.* at 418.  When the failure to file a timely petition is a result of petitioner's own negligence or lack of diligence, equitable tolling is not appropriate.  *Pace*, 544 U.S. at 419.  Blankenship offers no evidence of extraordinary circumstances that prevented him from filing a timely § 2254 petition.  Accordingly, I find no basis for invoking equitable tolling.

Using the dates on the face of Blankenship's petition and state court records available online, I conclude that the petition was not timely filed under § 2244(d)(1)(A).  Moreover, Blankenship has not stated facts warranting equitable tolling of the statutory filing period.  Therefore, I will summarily dismiss his § 2254 petition as untimely.

A separate Final Order will be entered herewith.

DATED:   August 2, 2023

/s/  JAMES P. JONES  
Senior United States District Judge